**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ALEXIS WISCHER o/b/o,                                 CASE NO.: 1:13-cv-810
Katrina Ernst, Deceased,

              Plaintiff,                                        Barrett, J.
                                                                Litkovitz, M.J

       v.

COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

**OPINION AND ORDER**

       This matter is before the Court on the Magistrate Judge's Report and Recommendation

("Report"), which recommends affirming the decision of Defendant Commissioner of Social

Security.  (Doc. 20).  Notice was given to the parties under 28 U.S.C. § 636(b)(1) and Fed. R.

Civ. P. 72(b).  (Doc. 20, PageId 874).  Plaintiff filed objections to the Report on February 12,

2015.  (Doc. 21).[1]  This matter is now ripe for review.

**I.        SUMMARY OF REPORT AND OBJECTIONS**

       In the Report, the Magistrate Judge recommended affirming Defendant's denial of

disability insurance benefits ("DIB").    (Doc. 20, PageId 848, 873).    In making that

recommendation, the Magistrate Judge determined that two specific errors identified by Plaintiff

should be overruled.  (*Id.*, PageId 853-68).  First, the Magistrate Judge determined that the ALJ

did not err in weighing the medical opinion evidence of record.  (*Id.*, PageId 861-70).  Second,

the Magistrate Judge determined that the ALJ did not err in his consideration of the testimony of

Esther Oakes, Plaintiff's mother.  (*Id.*, PageId 870-72).

---

[1]This matter concerns review of the Commissioner's denial of benefits for claimant Katrina Ernst,
deceased.  Ms. Ernst's daughter, Alexis Wischer, was substituted as Plaintiff upon Ms. Ernst's death.  For the sake
of clarity, the undersigned will refer to Ms. Ernst as "Plaintiff" throughout this Opinion and Order.

## II.     LEGAL STANDARDS

### A.  Objections

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate[ judge's] report has the same effects as would a failure to object."  *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991).  Only specific objections are entitled to de novo review under the Magistrate Judge's Act, 28 U.S.C. § 636.  *Id.*; *see also Fairfield v. Wacha*, No. 1:07-cv-948, 2008 U.S. Dist. LEXIS 15119, at *4-5 (W.D. Mich. Feb. 28, 2008).  The reason for that requirement is:

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue.  *Id.*  Merely restating arguments previously presented, merely stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge.  *Id.* at 508-09; *see also Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997), *cert. denied*, 522 U.S. 1030 (1997).

### B.  Judicial Review of Commissioner's Decision

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry.  *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). First, the court must determine if substantial evidence supports the Commissioner's decision. Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  In deciding whether the Commissioner's findings are supported by substantial evidence, the court considers the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).  When the ALJ's decision is supported by substantial evidence, the court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence.  *Blakely*, 581 F.3d at 406 (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Second, the court must determine whether the ALJ applied the correct legal standards.  *Blakely*, 581 F.3d at 405.  Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen,* 478 F.3d at 746).

### III.    ANALYSIS

Plaintiff makes four objections to the Report, which are addressed below.

### A.  First Objection

Plaintiff's first objection expresses a disagreement with the Magistrate Judge's determination that the ALJ did not error by not placing the greatest weight on the opinion of Dr.

Kenford.  (Doc. 21, PageId 875).   In support, she refers to the arguments previously articulated in her Statement of Specific Errors and her Reply Memorandum, and again points out that Dr. Kenford was the only psychologist on record that examined Plaintiff.  (*Id.*, PageId 875).

Plaintiff's objection is a general objection that need not be considered here, as it merely restates arguments previously presented, expresses a general disagreement with the suggested resolution, or summarizes what has previously been presented to the Magistrate Judge.  It does not identify any specific error in the Magistrate Judge's analysis.  Nevertheless, the undersigned finds upon de novo review of the record that the Magistrate Judge thoroughly and correctly analyzed that precise argument.  (Doc. 20, PageId 861-65).  As Plaintiff has presented no argument and pointed to no evidence that would undermine the Magistrate Judge's conclusion, the undersigned adopts that conclusion here and overrules Plaintiff's objection.

**B.  Second Objection**

Plaintiff's second objection expresses a disagreement with the Magistrate Judge's determination that the ALJ did not err by failing to consider whether Plaintiff's severe impairments equaled a Listing.  (Doc. 21, PageId 876).  Plaintiff's cites to the testimony of Dr. Rogers who she contends "came very close to testifying that [Plaintiff] actually met the requirements of Listing 12.04 or Listing 12.06."  (Doc. 21, PageId 876).  She argues that in such a situation, the ALJ has an obligation to at least meaningfully consider the possibility that one of the Listings has been equaled in severity.  (Id.).

Having reviewed the Magistrate Judge's analysis de novo, the undersigned finds that Plaintiff has not identified any error.  In reaching her conclusion, the Magistrate Judge relied upon Sixth Circuit caselaw that demonstrated that the ALJ's analysis of the medical evidence at step three of the sequential analysis was sufficient.  (Doc. 20, PageId 870) (citing *Forrest v.*

*Comm'r of Soc. Sec.*, No. 14-5421, 2014 U.S. App. LEXIS 21898, at *14-16 (6th Cir. Nov. 17, 2014) (and cases cited therein).[2]  Plaintiff has pointed to no contrary authority that would require the ALJ to engage in any further analysis to support his conclusion that the listings were not medically equaled.  (Doc. 21, PageId 876).  Accordingly, Plaintiff's objection is overruled.

### C.       Third Objection

Plaintiff's third objection concerns the Magistrate Judge's determination that the ALJ did not err in assessing the credibility of Esther Oakes.  (Doc. 21, PageId 876).  In support, Plaintiff requests the undersigned to "consider her arguments on this point, as more fully stated both in her Statement of Specific Errors and in her Reply Brief, and to consider the extremely short shrift given to Ms. Oakes' testimony both by the ALJ and by the Magistrate Judge."  (*Id.*).

Plaintiff's objection is a general objection that need not be considered here, as it merely restates arguments previously presented, expresses a general disagreement with the suggested resolution, or summarizes what has previously been presented to the Magistrate Judge.  It does not identify any specific error in the Magistrate Judge's analysis.  Nevertheless, the undersigned finds upon de novo review of the record that the Magistrate Judge thoroughly and correctly analyzed that arguments presented by Plaintiff in the Statement of Specific Errors and the Reply Brief to which she refers.  (Doc. 20, PageId 870-72).  In the absence of an identifiable error, the undersigned adopts the conclusion of the Magistrate Judge and overrules Plaintiff's objection.

### D.       Fourth Objection

---

[2] In his analysis, the ALJ stated: "[t]he severity of the claimant's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04, 12.06, and 12.09."  (Doc. 11-2, PageId 60). The ALJ then provided a detailed explanation and cited to medical evidence to support his findings. (*Id.*, PageId 60-61).  Other than pointing to the testimony of Dr. Rogers who "came very close to testifying that Ms. Ernst actually met the requirements of either Listing 12.04 or Listing 12.06" (Doc. 21, PageId 876), Plaintiff has pointed to no opinion that she actually equaled the listings or to any medical evidence that would raise a substantial question as to whether she equaled every criteria of one of the listings. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff's fourth objection is that she should have been found disabled based upon application of Social Security Ruling 85-15.  (Doc. 21, PageId 876).  She contends that the Magistrate Judge and ALJ erred by entirely failing to consider the applicability of SSR 85-15. (*Id.*).

Plaintiff is correct that neither the Magistrate Judge nor the ALJ directly addressed SSR 85-15, Titles II and XVI: Capability to Do Other Work — Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments.  She is incorrect, however, that the failure to consider or apply SSR 85-15 in this case amounts to reversible error.  First, "the Sixth Circuit has found that SSR 85-15 applies to cases where only a nonexertional limitation is present."  *Rosenkranz v. Comm'r of Soc. Sec.*, No. 1:13-cv-00535, 2014 U.S. Dist. LEXIS 40163, at *18 (N.D. Ohio Mar. 26, 2014) (citing *Doneworth v. Shalala*, 76 F.3d 378 (6th Cir. 1996)); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 424 (6th Cir. 2008) ("But SSR 85-15, 1985 SSR LEXIS 20 does not apply to Jordan, who suffers from both exertional and nonexertional limitations."); SSR 85-15 ("Where a person's only impairment is mental . . . ."). Since Plaintiff has asserted and has been determined to have both exertional and nonexertional limitations, SSR 85-15 does not apply here.  *Id.*   Second, "an administrative law judge is to employ the [Medical-Vocational Guidelines], found at 20 C.F.R. pt. 404, subpt. P, app. 2, at the fifth step of the disability determination, after the claimant has been found not to meet the requirements of a listed impairment but to nevertheless be incapable of performing past relevant work."  *Jordan*, 548 F.3d at 423.  Indeed, SSR 85-15 provides a framework for decision-making when a mental impairment "does prevent the person from meeting the mental demands of past relevant work and prevents the transferability of acquired work skills" such that the final consideration at step five is whether the person can be expected to perform unskilled work.  SSR

85-14.   Here, the ALJ determined that Plaintiff could meet the mental demands of her past relevant work as a housekeeper such that the ALJ did not reach that final consideration at which SSR 85-14 is directed.  SSR 85-15.   Third, the ALJ's conclusions as to Plaintiff's nonexertional limitations do not reflect substantial loss of the abilities to meet the basic work-related activities. Instead, the ALJ's decision reflects that she is able to perform the work of a housekeeper even though she has a "moderate"[3] limitations in her ability to understand, remember, and carry out short, simple instructions, her ability to interact appropriately with co-workers, and her ability to respond appropriately to work pressures in a usual work setting and to change in a routine setting.   Plaintiff does not raise an objection as to those specific conclusions, other than identified and rejected above and in the Report, but instead appears to claim that those conclusions support a finding of a substantial limitation that requires a finding of disability.  That argument is not well taken based upon the record.  As the undersigned finds that SSR 85-14 is not applicable here, Plaintiff's objection is overruled.

## IV.    CONCLUSION

Consistent with the foregoing, Plaintiff's Objections (Doc. 21) are **OVERRULED** and the Report (Doc. 20) is **ADOPTED** in its entirety.   Accordingly, the ALJ's decision is **AFFIRMED** and this matter shall be closed on the docket of the Court.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT

---

[3] As used in ALJ's decision, "moderate" refers to "moderate limitation, but the individual is still able to function satisfactorily[.]"  (Doc. 11-2, PageId 61).